BRIAN S. ARBETTER (SBN 159816)
ba@sedbetter.com
SEDDIGH ARBETTER LLP
6121 Sunset Boulevard
Los Angeles, CA 90028

(917) 267-8033

Attorneys for Plaintiff
PATRICIA MAYBERRY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA MAYBERRY, an individual,<br><br>            Plaintiff,<br><br>   vs.<br><br>PROVIDENCE HOLY CROSS MEDICAL CENTER, a California corporation; PROVIDENCE HEALTH & SERVICES, a Washington corporation; PROVIDENCE HEALTH SYSTEM - SOUTHERN CALIFORNIA, a California corporation; and DOES 1 through 50, inclusive,<br><br>          Defendants. | CASE NO.<br><br>COMPLAINT FOR:<br><br>1.  EMPLOYMENT DISCRIMINATION ON THE BASIS OF AGE IN VIOLATION OF U.S. AGE DISCRIMINATION IN EMPLOYMENT ACT;<br>2.  EMPLOYMENT DISCRIMINATION ON THE BASIS OF GENDER/SEX IN VIOLATION OF US TITLE VII;<br>3.  EMPLOYMENT RETALIATION IN VIOLATION OF US TITLE VII;<br>4.  BREACH OF IMPLIED EMPLOYMENT CONTRACT;<br>5.  BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;<br>6.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;<br>7.  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; AND<br>8.  BREACH OF FIDUCIARY DUTY FOR DEFINED CONTRIBUTION BENEFIT PLAN AND CONTRACT.<br><br>DEMAND FOR JURY TRIAL |

DAAR & NEWMAN, PLC

COMPLAINT

COMES NOW Plaintiff Patricia Mayberry ("Mayberry") and alleges as follows:

## THE PARTIES

1.     Plaintiff Mayberry is, and at all material times was, an individual resident of California.

2.     Defendant Providence Holy Cross Medical Center ("Providence Holy Cross") is, and at all material times was, a corporate entity organized under the laws of and authorized to do business in California with its primary headquarters located at 15031 Rinaldi Street, Mission Hills, CA 91345.

3.     Defendant Providence Health & Services ("Providence Health") is, and at all material times was, a corporate entity organized under the laws of Washington and registered to do business in California with its primary headquarters located at 1801 Lind Avenue SW, Renton, Washington 98057-3368.

4.     Defendant Providence Health System - Southern California ("Providence SoCal") is, and at all material times was, a corporate entity organized under the laws of and authorized to do business in California with its primary headquarters located at 4180 West 190th Street, Torrance, California 90504-5513.

5.     The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants DOES 1 through 50, inclusive, and each of them, are unknown to Mayberry, who therefore sues said defendants by said fictitious names. When the identities and capacities of DOES 1 through 50, inclusive, become known to Mayberry, she will amend her Complaint.  The term "Defendants," as used herein, shall include each of said fictitiously-named defendants and Providence Holy Cross, Providence Health and Providence SoCal.

6.     Mayberry is informed and believes, and thereon alleges, that certain other defendants were the agents, employees and representatives of certain of the remaining defendants, and were at all times acting within the purpose and scope of said agency and

-1-

COMPLAINT

1  employment, and each said defendant has ratified and approved the acts of its agents,

2  employees and representatives, and that each actively participated in, aided and abetted, or

3  assisted one another in the commission of the wrongdoing alleged in this Complaint.

4      7.    Each of the Defendants employs more than twenty (20) employees, and at

5  all relevant times did so.

6

7                              **JURISDICTION AND VENUE**

8

9      8.    This Court has venue and jurisdiction over this dispute because it arises in

10  or about Los Angeles, California under federal law, namely U.S. Title VII of the Civil

11  Rights Act of 1964, the U.S. Age Discrimination in Employment Act and the U.S. Older

12  Workers Benefit Protection Act (29 U.S. Code § 621, et seq.).  This Court has subject

13  matter jurisdiction over these federal question claims pursuant to 28 U.S.C. §§ 1331 and

14  1338(a) and (b).  This Complaint also alleges violations of California law.  This Court has

15  jurisdiction over these state law claims pursuant to its supplemental jurisdiction, 28 U.S.C.

16  § 1367(a)

17

18                        **FACTUAL ALLEGATIONS COMMON TO**

19                            **ALL CLAIMS FOR RELIEF**

20

21      9.    Defendants hold themselves out publicly as a moral and fair institution and

22  claim to stand for a mission statement, which is posted on the public internet.

23      10.   Their mission statement provides in relevant part as follows:  "INTEGRITY

24  . . .  **We hold ourselves accountable to do the right things for the right reasons.**  We

25  speak the truth with courage and respect.  We pursue authenticity with humility and

26  simplicity."  (Emphasis added.)

27      11.   As this lawsuit demonstrates, Defendants' mission statement is a farce.  In

28  reality, Defendants do not act with integrity, and they do not do "the right things for the

-2-

COMPLAINT

right reasons." To the contrary, Defendants engage in discrimination and retaliation, even against their senior most tenured and aged employees. Their conduct is the antithesis to the values contained in the mission statement that they self-proclaim.

12.    Providence Health is a more than $12 billion annual gross revenue health care and hospital business. Providence SoCal has gross annual revenues in excess of $1.5 billion.

13.    Providence SoCal is comprised of 13 acute care hospitals in Los Angeles, Orange and San Bernardino counties, and the High Desert, with a total inpatient market share of twenty-five percent (25%) in their service areas in 2018, as reported by the Office of Statewide Health Planning and Development. In Los Angeles County, the System includes six acute care facilities. Providence SoCal's largest hospital, Providence St. Joseph Medical Center, is in Burbank. The System also includes hospitals in Mission Hills, San Pedro, Tarzana, Torrance and Santa Monica. Providence Medical Foundation ("PMF") operates over fifty (50) practice locations in the market, offering more than 20 types of specialty care. PMF includes the Facey, PMI and Providence St. John's medical foundations, and in addition, the System includes seven acute care facilities within Orange and San Bernardino counties: Apple Valley, Fullerton, Mission Viejo, Laguna Beach, Newport Beach, Irvine and Orange, California. Mission Hospital is located on two campuses in Mission Viejo and Laguna Beach, and maintains the region's level II trauma center, as well as a women's center. Hoag Hospital, which also is composed of two campuses, in Newport Beach and Irvine, also includes Hoag Orthopedic Institute. St. Joseph Heritage Healthcare, a medical foundation, operates clinics in the region with its contracted physician partners.

14.    Defendants Providence Health and Providence SoCal first hired Mayberry on or about July 1978 as a Registered Nurse at their Providence Saint Joseph Medical Center, which was at the time their only Southern California location.

15.    In or about April 2008, Defendants transferred Mayberry to their Holy Cross Hospital, which was acquired in or about 1996. By this time, Defendants Providence

-3-

Health and Providence SoCal had also acquired Little Company of Mary & San Pedro, Tarzana and St. John's.  Later, in 2016 or 2017, they acquired St. Joseph Health.

16.     In or about December 2017, Defendants promoted Mayberry to be Chief Operating Officer/Interim Chief Nursing Officer (COO/CNO) of their Providence Holy Cross facility.  In or about August 2018, Defendants made Mayberry exclusively its secular COO of Holy Cross.

17.     At all relevant times, Mayberry performed her job in a fully satisfactory capacity, and she never received any performance reviews critical of her job performance.

18.     In early 2020, Defendants decided to conduct a group layoff throughout the Southern California region.  Providence SoCal's Executive Vice President and Chief Executive Erik Wexler and its Chief Human Resource Officer Pamela Stahl were part of the decision-making group who chose which employees throughout the region would be selected for layoff.  Mr. Wexler and Ms. Stahl issued written communications confirming that the group layoff was being conducted on a regional basis throughout the Southern California region.

19.     After more than forty-two (42) years of employment, Mayberry had an implied contract for continued employment with Defendants.  Terms of this contract were confirmed by Bernard Klein, MD, Chief Executive, Providence Holy Cross MedicalCenter.  Repeatedly throughout her employment, Klein told her that she was excellent and that he could not function without her.  A number of times, he told her to not leave the company and to stay indefinitely.

20.     As part of its 2020 group layoff, Defendants chose Mayberry as one of their Chief Operating Officers in the Southern California region to be laid off.  Defendants chose not to select other Chief Operating Officers in the Southern California region to be laid off, where such other COO's were younger than Mayberry and/or of a different gender/sex.

21.     Additionally, Defendants offered some Chief Operating Officers in the Southern California region, who were initially selected for layoff, to instead assume other jobs within the region/system and thereby avoid being laid off.  Many of these other

-4-
COMPLAINT

1   employees were younger and/or of a different gender than Mayberry.  For example, the
2   COO at Providence SoCal's entity in Tarzana was male, younger and less tenured than
3   Mayberry, yet despite Mayberry's request to be retained in that position, the Tarzana
4   COO was retained while Mayberry's employment was terminated.

5          22.    Mayberry requested to be placed in alternative job positions for which she
6   was qualified so as to avoid layoff.  But Defendants never offered Mayberry any
7   alternative job with any specific role, duties, location and/or salary terms.  Providence
8   Holy Cross' Chief Nursing Officer and Chief Medical Officer at Providence St. Joseph
9   both breached Providence's employment policies about confidentiality, but did not have
10  their employment terminated.  In particular, they told other employees that they were
11  planning to conduct a layoff and terminate Mayberry's employment.  This violated
12  published employer policies.  Mayberry was qualified for the Chief Nursing Officer
13  position, yet was never given or offered it.  Meanwhile,  Providence SoCal's Regional
14  Chief of Mission Officer breached Providence's employment policies about
15  confidentiality, but did not have her employment terminated.

16         23.    At one point, Defendants spoke with Mayberry about a "regional position"
17  they were considering placing her in to avoid her layoff.  However, Defendants did never
18  provided Mayberry with any  job description, salary or terms of employment.  When
19  Mayberry further inquired, Defendants told her that actually the mentioned position was
20  not approved in "the System."  Even after her employment termination, Mayberry in
21  September 2020 inquired again, and was informed by Defendants that the job description
22  for this "regional position" was going to be created and the details would be forthcoming
23  to her.  However, nothing was in fact ever further provided to her.  This remains true as of
24  the date of the filing of this lawsuit – more than six months later and more than eight
25  months after her employment termination.

26         24.    Numerous times during her employment, Mayberry was told by Dr. Klein
27  that she was his "right hand person."  Mayberry was asked to cover for him on all of his
28  absences.  At one point approximately one year ago, Dr. Klein told Mayberry that he felt

-5-

COMPLAINT

---

that Defendants might be looking to eliminate his Chief Executive position because Mayberry's job position was more important to be retained by Defendants. Dr. Klein referred to her as "the work horse" of the operation.

25. Defendants terminated Mayberry's employment on July 17, 2020, when she was 65 years of age and had been employed by them for 42 years. Mayberry's gender is female.

26. On or about March 2, 2021, Mayberry filed an administrative charge with the U.S. Equal Employment Opportunity Commission (EEOC). On or about March 30, 2021, the EEOC issued to Mayberry a right to sue letter. Both documents are attached hereto and incorporated herein by reference as Exhibits A and B, respectively.

**FIRST CLAIM FOR RELIEF**

(Discrimination On The Basis Of Age In Violation Of U.S. Age Discrimination And Employment Act And Older Workers Benefit Protection Act

Against All Defendants)

27. Plaintiff Mayberry hereby realleges and incorporates herein in full the allegations contained in paragraphs 1 through 26, inclusive.

28. By selecting Mayberry for layoff while not selecting similarly situated younger employees, including some under the age of forty (40) years, Defendants discriminated on the basis of her age in violation of the U.S. Age Discrimination and Employment Act.

29. In addition to directly discriminating against Mayberry in terminating her employment on the basis of her age, Defendants also caused an unlawful disparate impact on the basis of age because the average age of their relevant employees was significantly lowered after the group layoff that included Mayberry. A higher percentage of employees over the age of (forty) 40 years were terminated than of employees (forty) 40 years of age and younger.

30.     The layoff, which resulted in Mayberry's employment being terminated, included two or more employees.  Defendants violated the U.S. Older Workers Benefit Protection Act, which was added  to the U.S. Age Discrimination in Employment Act, by presenting and offering a written severance and release agreement to Mayberry as part of their group layoff, but refusing to provide her with the information required to be shared with her.  Specifically, Mayberry was not told how the laid off groups were defined, was not given the names and ages of all employees considered for layoff, and was not provided with the names and ages of which employees in similarly situated positions as hers were not considered.  Mayberry repeatedly requested this information from Defendants.  Each time  Defendants refused to provide her with any of this required information.

31.     The U.S. Age Discrimination in Employment Act prohibits employers from taking adverse employment actions against employees based on age over 40 years and, through the Older Workers Benefit Protection Act, requires employers who terminate two or more employees over the age of 40 years to provide a specified data report with any offer of settlement or severance.  29 U.S.C. §§ 621, et seq., and 29 CFR 1625.22.

## SECOND CLAIM FOR RELIEF

(Discrimination On The Basis Of Gender/Sex In Violation Of U.S. Title VII Against All Defendants)

32.     Plaintiff Mayberry hereby realleges and incorporates herein in full the allegations contained in paragraphs 1 through 31, inclusive.

33.     By selecting Mayberry for layoff while not selecting similarly situated male employees, Defendants discriminated on the basis of her gender/age in violation of U.S. Title VII of the Civil Rights Act of 1964.

34.     Title VII prohibits employers from taking adverse actions against employees based on their gender.  42 U.S.C. §§ 2000e-2, et seq.

-7-

**THIRD CLAIM FOR RELIEF**

(Retaliation In Violation Of U.S. Title VII

Against All Defendants)

35.     Plaintiff Mayberry hereby realleges and incorporates herein in full the allegations contained in paragraphs 1 through 34, inclusive.

36.     As set forth above, in 2020 Defendants pretended to begin to offer Mayberry a regional position so that she would not be laid off from her employment. After Defendants learned that Mayberry was rejecting its initial severance offer because she believed that the termination of her employment was discriminatory, Defendants failed to move forward with its referenced regional position for Mayberry and never did in fact make such a job offer or present any details.  Defendants did so in retaliation for Mayberry expressing her view that her termination was discriminatory and in violation of US Title VII and the US Age Discrimination in Employment Act.  See 29 U.S.C. §§ 621, et seq. and 42 U.S.C. §§ 2000e-2, et seq.

**FOURTH CLAIM FOR RELIEF**

(Breach Of Implied Contract

Against All Defendants)

37.     Plaintiff Mayberry hereby realleges and incorporates herein in full the allegations contained in paragraphs 1 through 36 inclusive.

38.     As set forth above, Mayberry's employment was pursuant to an implied contract that as long as she continued to do a good job, she would not be terminated without good cause.  Her more than forty (40) years of employment with Defendants and the promises made to her during her employment created this implied contract.  By terminating Mayberry's employment without good cause, Defendants breached Mayberry's implied contract.

-8-

**FIFTH CLAIM FOR RELIEF**

(Breach Of Implied Covenant Of Good Faith And Fair Dealing

Against All Defendants)

39.     Plaintiff Mayberry hereby realleges and incorporates herein in full the allegations contained in paragraphs 1 through 38, inclusive.

40.     By engaging in the above conduct, Defendants breached their implied covenant of good faith and fair dealing under California law.  Defendants interfered with and refused to cooperate with Mayberry, which resulted in her not being allowed to continue her implied contract of employment.

**SIXTH CLAIM FOR RELIEF**

(Intentional Infliction Of Emotional Distress

Against All Defendants)

41.     Plaintiff Mayberry hereby realleges and incorporates herein in full the allegations contained in paragraphs 1 through 40, inclusive.

42.     Defendants' conduct alleged herein  was outrageous and in disregard for the probability that their conduct would cause Mayberry emotional distress.  Defendants intended to and did in fact inflict emotional distress on Mayberry.  Defendants' conduct was a substantial factor in causing severe emotional distress to Mayberry.

**SEVENTH CLAIM FOR RELIEF**

(Negligent Infliction Of Emotional Distress

Against All Defendants)

43.     Plaintiff Mayberry hereby realleges and incorporates herein in full the allegations contained in paragraphs 1 through 42, inclusive.

44.     By engaging in the above conduct, Defendants' engaged in negligent conduct and willfully violated a statutory duty.  As a result, Mayberry suffered emotional distress.  Defendants' conduct was a cause of Mayberry's emotional distress.

## EIGHTH CLAIM FOR RELIEF

(Breach Of Fiduciary Duty For Defined Contribution Benefit Plan And Contract Against All Defendants)

45.     Plaintiff Mayberry hereby realleges and incorporates herein in full the allegations contained in paragraphs 1 through 44, inclusive.

46.     As part of her employment, Mayberry was a participant in and a party to Providence St. Joseph Health's Defined Contribution Restoration Plan and Contract (the "Plan").  The Plan provided that upon the cessation of Mayberry's employment, all of her funds in the Plan would be vested and would be returned to her no later than seventy-five (75) days following her separation from service.

47.     Following Mayberry's employment cessation, Providence St. Joseph Health failed to vest or timely return her funds in the Plan.  By doing so, Providence St. Joseph Health breached the Plan, as well as its fiduciary duty as the sponsor of the Plan.

48.     Mayberry is informed and believes and thereon alleges that  that Defendants similarly committed such failures and breaches with respect to other terminated employees.  Plaintiff expressly reserves the right to amend this Complaint to proceed as a class representative of other such similarly situated employees, after preliminary discovery is conducted to determine the facts regarding the same.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mayberry, respectfully requests judgment against each of the defendants, as follows:

1.     For backpay;

2.     For front pay;

-10-

COMPLAINT

3.     For compensatory damages;

4.     For punitive damages as to each Cause of Action due to Defendants' having acted with malice and/or reckless disregard;

5.     For costs of suit, including but not limited to attorneys' fees; and

6.     That the Court grant such other, further and different relief as the Court deems just and proper.

Respectfully submitted,

DATED:  May 28, 2021

By: _____

BRIAN S. ARBETTER
Attorneys for Plaintiff Patricia Mayberry

-11-

COMPLAINT

1

## **DEMAND FOR TRIAL BY JURY**

2

3    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby

4    demands a jury trial.

5

6    DATED:  May 28, 2021

7

8    By: _____
         BRIAN S. ARBETTER
         Attorneys for Plaintiff Patricia Mayberry

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-
COMPLAINT