CAMILO ECHAVARRIA (State Bar No. 192481)
  camiloechavarria@dwt.com
VANDANA KAPUR (State Bar No. 281773)
  vandanakapur@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
PROVIDENCE HOLY CROSS MEDICAL CENTER, PROVIDENCE HEALTH & SERVICES, AND PROVIDENCE HEALTH SYSTEM – SOUTHERN CALIFORNIA

BRIAN S. ARBETTER (State Bar No. 159816)
  ba@sedbetter.com
SEDDIGH ARBETTER LLP
6121 Sunset Boulevard
Los Angeles, California 90028
Telephone: (917) 267-8033
Fax: (213) 816-0009

Attorneys for Plaintiff
PATRICIA MAYBERRY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA MAYBERRY, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> PROVIDENCE HOLY CROSS MEDICAL CENTER, a California corporation; PROVIDENCE HEALTH & SERVICES, a Washington corporation; PROVIDENCE HEALTH SYSTEM – SOUTHERN CALIFORNIA, a California corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. **2:21-cv-04471** <br><br> **JOINT RULE 26 (F) REPORT** <br><br> Assigned to the Hon. Dolly M. Gee <br><br> Action Filed: May 28, 2021 |

Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiff Patricia Mayberry ("Plaintiff"), and Defendants Providence Holy Cross Medical Center, Providence Health & Services, And Providence Health System – Southern California ("Defendants") (collectively, "the Parties") hereby submit this Joint Status Report, pursuant to the Court's Order Setting the Scheduling Conference and to Rule 26(f) of the Federal Rules of Civil Procedure.

On September 17, 2021, counsel for the Parties conferred for the purpose of agreeing on a proposed plan for the completion of discovery, filing of motions, and pretrial and trial activities. The Parties discussed the following matters:

a. <u>Nature And Basis Of Claims And Defenses</u>

Plaintiff was Chief Operation Officer ("COO") of Defendants Providence Holy Cross Medical Center ("Holy Cross") and Providence Health System – Southern California ("PHSSC") until her position was eliminated as part of a reduction-in-force ("RIF") on July 17, 2020. In this lawsuit, Plaintiff alleges that she was laid off due to her gender and age. She claims that, unlike COOs at other PHSSC ministries who were offered other opportunities in lieu of layoff, PHSSC and Holy Cross did not offer her an alternative role. As a result, Plaintiff filed the operative complaint for (1) Employment Discrimination on the Basis of Age in Violation of U.S. Age Discrimination in Employment Act; (2) Employment Discrimination on the Basis of Gender/Sex in Violation of US Title VII; (3) Employment Retaliation in Violation of US Title VII; (4) Breach of Implied Employment Contract; (5) Breach of Implied Covenant of Good Faith and Fair Dealing; (6) Intentional Infliction of Emotional Distress; (7) Negligent Infliction of Emotional Distress; and (8) Breach of Fiduciary Duty for Defined Contribution Benefit Plan and Contract.

Defendants deny Plaintiff's allegations in their entirety. As a preliminary matter, at no time has Providence Health & Services ever employed Plaintiff. Plaintiff was laid off by Defendants PHSSC and Holy Cross (collectively,

1

JOINT RULE 26(F) REPORT
4833-7368-7292v.1 0016924-000737

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

"Providence") as part of a RIF that affected PHSSC regionally, but that also took into account the specific circumstances and needs of the individual ministries. The purpose of the restructuring that impacted Plaintiff was two-fold: economic recovery due to the disastrous effects of the COVID pandemic on Providence's business, and a reconfiguration of the leadership positions to shift toward a regional management model. COO positions were reviewed as part of the restructure and it was determined that some, but not all, of these roles could be eliminated due to business-related issues specific to each ministry.

In Plaintiff's case, the vast majority of her reporting structure was eliminated as a part of the RIF. And, there were no other unique circumstances that necessitated that a COO remain at Holy Cross. Providence nonetheless took great effort to avoid Plaintiff's layoff by attempting to place her in a potential regional role that was being developed and was thought to fit her skillset. After some initial discussions about this potential role, Plaintiff dropped off of related communications. In addition, while Plaintiff did request to fill the Chief Nursing Officer ("CNO") role at Holy Cross in lieu of being laid off, this was not possible because that position was already filled.

b.   Pleadings

At this time, neither side anticipates adding any additional parties or amending the pleadings.

c.   Discovery

Given the interest pursuing an early resolution, the Parties have agreed upon an extension of time until October 22, 2021 to exchange the disclosures required under Rule 26(a). Both sides have taken steps to ensure that discoverable information is preserved. The Parties do not find that discovery needs to be conducted in phases or otherwise limited, and do not anticipate any issues relating to ESI or electronic discovery that will require the Court's assistance. Should this

2

JOINT RULE 26(F) REPORT
4833-7368-7292v.1 0016924-000737

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

matter necessitate the production of confidential documents from Defendants, they will first require that a protective order be put in place. In addition, Defendants maintain that any and all communications between their respective in-house counsel and witnesses and/or Parties are privileged.

At this time, the Parties agree that discovery should be completed by August 9, 2022. Should the matter not resolve pursuant to the efforts described in section e below, Defendants intend to serve written discovery requests and notice Plaintiff's deposition by the end of the year. The Parties note that the subjects on which discovery may be needed include, but are not limited to: Plaintiff's personnel records; information pertaining to the RIF that impacted Plaintiff; documentation and information pertaining to Plaintiff's claims for lost wages and other special damages; documentation and information pertaining to Plaintiff's claims for general damages, including mental and potentially physical pain and suffering; and Defendant's policies and procedures as to anti-discrimination.

d.   Motion Practice

Defendants anticipate filing a Motion for Summary Judgment or Partial Summary Judgment ("MSJ"). In addition to being dispositive on the issue of whether Providence Health & Services ever employed Plaintiff, Defendants believe that an MSJ will dispose of Plaintiff's claims in this action in their entirety. At the latest, Defendants will file this motion by the Parties' proposed motion filing deadline of August 16, 2022.

e.   Possibilities For Promptly Settling Or Resolving Case

The Parties have engaged in pre-litigation negotiations. While those negotiations were unsuccessful, since the filing of litigation, both sides have expressed continued interest in pursuing early resolution and have agreed to continue attempting direct negotiations following the informal exchange of

3

JOINT RULE 26(F) REPORT
4833-7368-7292v.1 0016924-000737

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

documents and information. Should direct negotiations not succeed, pursuant to L.R. 16-15, the parties request ADR Procedure No. 3 (private dispute resolution).

f.  Statement Regarding Use Of Magistrate Judge

At this time, the Parties do not consent to a Magistrate Judge to preside over this action for all purposes, including trial.

g.  Trial

Plaintiff has requested a jury trial in the operative pleading. At this time, the Parties do not have any proposals regarding severance or bifurcation. Pursuant to the schedule in Exhibit, the Parties estimate that trial will last 3 – 5 days. The Parties request a trial date of December 13, 2022 and a final pretrial conference date of November 15, 2022.

DATED: September 24, 2021

DAVIS WRIGHT TREMAINE LLP
CAMILO ECHAVARRIA
VANDANA KAPUR

By:      /S/ Vandana Kapur
         Vandana Kapur

Attorneys for Defendants
PROVIDENCE HOLY CROSS MEDICAL CENTER, PROVIDENCE HEALTH & SERVICES, AND PROVIDENCE HEALTH SYSTEM - SOUTHERN CALIFORNIA

DATED: September 24, 2021

SEDDIGH ARBETTER LLP
BRIAN S. ARBETTER

By:      /S/ Brian S. Arbetter
         Brian S. Arbetter

Attorneys for Plaintiff
PATRICIAL MAYBERRY

4

JOINT RULE 26(F) REPORT
4833-7368-7292v.1 0016924-000737

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Judge Dolly M. Gee

# SCHEDULE OF PRETRIAL & TRIAL DATES WORKSHEET

Case No.      2:21-cv-04471      Case Name: Patricia Mayberry v. Providence, et al.

| MATTER | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE | TIME |
|---|---|---|
| **TRIAL** [ ] Court [x] Jury<br><br>Duration Estimate: 3 - 5 days | December 13, 2022<br><br>(Tuesday)[3] | 8:30 a.m. |
| **FINAL PRETRIAL CONFERENCE ("FPTC")**<br><br>4 wks before trial | November 15, 2022<br><br>(Tuesday) | 2:00 p.m. |

| MATTER | TIME COMPUTATION | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE |
|---|---|---|
| Amended Pleadings and Addition of Parties Cut-Off (includes hearing of motions to amend) | 90 days after scheduling conf | January 6, 2022 |
| Non–Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 14 wks before FPTC | August 9, 2022 |
| Motion Cut-Off (filing deadline) | at least 13 wks before FPTC | August 15, 2022 |
| Initial Expert Disclosure & Report Deadline | at least 9 wks before FPTC | September 13, 2022 |
| Rebuttal Expert Disclosure & Report Deadline | at least 5 wks before FPTC | October 11, 2022 |
| Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 3 wks before FPTC | October 18, 2022 |
| Settlement Conference Completion Date | at least 4 wks before FPTC | October 6, 2022 |
| Motions in Limine Filing Deadline | at least 3 wks before FPTC | October 25, 2022 |
| Opposition to Motion in Limine Filing Deadline | at least 2 wks before FPTC | November 1, 2022 |
| Other Dates: (e.g., class cert motion cut-off, early mediation, etc.) | | |

# EXHIBIT A

---

[3] Trials commence on Tuesdays. Final pretrial conferences are held on Tuesdays.